SO ORDERED.

SIGNED this 18th day of January, 2013.



Dale L. Somers
United States Bankruptcy Judge
_____

For on-line use but not for print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:

IRMA EILEEN KIDD,   CASE NO. 11-12357
 CHAPTER 7
       DEBTOR.

PATRICIA A. GEPNER,

       PLAINTIFF,

v.   ADV. NO. 11-5291

IRMA EILEEN KIDD,

       DEFENDANT.

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Patricia A. Gepner (Plaintiff), a creditor of Debtor Irma Eileen Kidd (Debtor), filed this adversary proceeding objecting to the discharge of Debtor under 11 U.S.C. § 727(a)(2) and (a)(4). Plaintiff appears by Jeffrey W. Rockett of Redmond & Nazar, L.L.P. Debtor appears by Ryan Hodge. The Court has jurisdiction.[1] The specific matter under advisement is Plaintiff's motion for summary judgment. For the reasons stated below, the Court denies the motion.

**FINDINGS OF FACT.**

Debtor filed for relief under Chapter 7 of Title 11 on August 1, 2011. Review of Debtor's bankruptcy schedules and statement of financial affairs filed the same day note the following relevant matters:

> Statement of Financial Affairs, question 2, Income other than from employment or operation of business: "6,689.00 2009 inheritance;" and

> Statement of Financial Affairs, question 11, Closed financial accounts: "Commerce Bank, Savings Account, Removed name from account in January, 2011. None of the funds in the account belong the Ms. Kidd."

On December 20, 2007, Debtor, Debtor's son David Kidd, and his wife, Jennifer Kidd, as signatories, opened an account at Commerce Bank, the number for which ends in . . .0086 (Commerce Account). The signature card states it is a POD account and names Margo Fields, the daughter of the Debtor, as the beneficiary. The record does not contain uncontroverted facts detailing either all the deposits to or the withdrawals from the Commerce Account. But it is uncontroverted that substantial deposits of funds in which Debtor had an interest were made to

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). There is no objection to venue or jurisdiction over the parties.

the account. For example, it is uncontroverted that Debtor, as sole payee, received a check on May 18, 2009 from the Estate of Nina Kathleen Kidd in the amount of $83,130.29 and the funds were deposited in the Commerce Account. In 2007, Debtor received $66,892.15 as a beneficiary of a policy of insurance insuring the life of her husband. After the Commerce Account was opened in 2009, Debtor deposited what she hadn't spent of those proceeds into the account.

Plaintiff commenced a lawsuit against Debtor in Sedgwick County, Kansas District Court on August 26, 2010. Debtor's Schedule F lists her as the only unsecured creditor of the estate with a claim for $48,121.37.

In January 2011, when the balance in the Commerce Account was approximately $55,000, all of the funds were withdrawn and transferred into two new accounts which were in the names of Debtor's son and his wife, but not the Debtor. Debtor filed her bankruptcy petition approximately seven months later.

**DISCUSSION.**

**A. Denial of Discharge under § 727(a)(2)(A).**

Plaintiff contends Debtor is in violation of § 727(a)(2)(A) because in January 2011 she withdrew or permitted to be transferred or removed substantial funds from the Commerce Account with intent to hinder, delay, or defraud Plaintiff. A party objecting to a discharge under § 727(a)(2) "must show by a preponderance of the evidence that (1) the debtor transferred, removed, concealed, destroyed, or mutilated, (2) property of the estate, (3) within one year prior to the bankruptcy filing, (4) with the intent to hinder, delay, or defraud a creditor."[2]

---

[2] *Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1249 (10th Cir. 2008) (quoting *Gullickson v. Brown (In re Brown)*, 108 F.3d 1280, 1292 (10th Cir. 1997)).

3

The uncontroverted facts do not establish these elements, as would be required to grant the motion for summary judgment. First, the Plaintiff fails to provide uncontroverted evidence that in January 2011 Debtor had an interest in the funds held in the Commerce Account. The account was a payable on death account,[3] not a joint tenancy account. The funds were therefore held by the three account holders as tenants in common. Under Kansas law, "[t]he creation of a tenancy in common creates a rebuttable presumption of equal ownership."[4] The presumption would be that Debtor, her son David, and his wife each had rights to 1/3 of the balance in the account. But here Debtor attempts to rebut that presumption, and there are controverted issues of fact relating to the extent, if any, of Debtor's interest in the account balance. By affidavit, David asserts that the deposits to the account were "family" funds, and therefore not the sole property of his mother. He further states that his mother's share of the deposits in the account had been spent before the account was closed.[5] Debtor's testimony at her 2004 examination gives a similar account. The Plaintiff argues that Debtor's interest in the balance is shown "by the simple fact the debtor was the sole heir of the probate and sole beneficiary of the insurance policy."[6] But the Plaintiff provides no uncontroverted facts to preclude gifts of the funds from Debtor to her children or Debtor's withdrawal of all the funds which were her property prior to closure of the account. For purposes of summary judgment, the Plaintiff has failed to provide

---

[3] *See* K.S.A. 9-1215.

[4] *Campbell v. Black*, 17 Kan. App.2d 799, 805, 844 P.2d 759, 764 (1993) (*citing Walnut Valley State Bank v. Stovall*, 223 Kan. 459, 462, 574 P.2d 1382, 1385 (1978)).

[5] The Plaintiff controverts Debtor's additional statements of uncontroverted facts based upon the position that the affidavit is subject to evidentiary objections for foundation, hearsay, and relevance.

[6] Dkt. 13, at 6.

4

uncontroverted facts establishing that the balance in the Commerce Account in January 2011 included the Debtor's property.

Further, assuming that the balance in the account included Debtor's property, the Plaintiff has not provided uncontroverted facts establishing that the funds were transferred out of the Commerce Account with intent to hinder, delay, or defraud Plaintiff. Because such intent may be shown by circumstantial evidence or inferences drawn from a course of conduct, the court "may look to all of the surrounding facts and circumstances."[7] Here the only uncontroverted fact supporting such an inference is the fact that Plaintiff's litigation against Debtor was filed before the account was closed. The Court holds that an inference of intent arising from the pendency of litigation is insufficient, standing alone, to establish actual intent to hinder, delay, or defraud Plaintiff by a preponderance of the evidence.

Summary judgment under § 727(a)(2)(A) is denied.

**B. Denial of Discharge under § 727(a)(4)(A).**

Plaintiff also contends discharge should be denied under § 727(a)(4)A. It provides that the court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case . . . make a false oath or account." Reliance is placed upon the failure to disclose in her schedules the correct amount of the inheritance from the Estate of Nina Kathleen Kidd. The Statement of Financial Affairs in response to question 2, disclosed an inheritance of $6,689.00 in 2009, whereas it is uncontroverted that Debtor received a check on May 18, 2009 from the Estate of Nina Kathleen Kidd in the amount of $83,130.29.

---

[7] 6 *Collier on Bankruptcy* ¶ 727.02[3][b] (Alan N. Resnick & Henry J.Sommer eds.-in-chief, 16th ed. rev. 2012).

Denial of discharge under § 727(a)(4)(A), like denial of discharge under § 727(a)(2) requires that the debtor act with wrongful intent. Knowing and fraudulent omission of items from schedules is a common instance of a false oath. However errors based "upon honest advice of counsel, to whom the debtor had disclosed all the relevant facts, . . . will not be deemed willfully false."[8] In this case, Debtor's counsel has provided an affidavit stating that the challenged portions of Debtor'Statement of Financial Affairs "are legal conclusions I formed after discussions I had with Ms. Kidd and after reviewing Ms. Kidd's Tax return. Ms. Kidd relied upon my expertise to complete the Statement of Financial Affairs." Further, in her 2004 examination Debtor acknowledged the error and provided correct information. That correction and the affidavit of Debtor's counsel evidence that Debtor may not have acted knowingly and fraudulently. There are controverted issues of fact as to whether Debtor's failure to include the correct amount of the inheritance in her Statement of Financial Affairs constitutes a false oath for purposes of § 727(a)(4)(A).

Summary judgment under § 727(a)(4)(A) is denied.

**CONCLUSION.**

For the foregoing reasons, the Plaintiff's motion for summary judgment is denied.

**IT IS SO ORDERED.**

###

---

[8] 6 Collier on Bankruptcy ¶ 727.04[2].

6

Case 11-05291   Doc# 39   Filed 01/18/13   Page 6 of 6